Elizabeth D. Tate   AZ Bar No. 32659
2953 N. 48th Street
Phoenix, AZ 85018-7749
Telephone (602) 670-4653
E-mail: attorneyelizabethtate@yahoo.com
Fax (602) 595-5959
Attorney for Plaintiff Dr. Quebec Logan

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Dr. Quebec Logan,** | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Tolleson Elementary School District, #17,** | |
| **Dr. Guadalupe Hightower in her official and individual capacities,** | |
| **John Doe Hightower,** | |
| Defendants | |

Plaintiff Dr. Quebec Logan, by Elizabeth D. Tate, his undersigned attorney of record, files this Complaint for relief against the Defendant, "Tolleson Elementary School District #17" and Dr. Guadalupe Hightower and John Doe Hightower:

## 1. **Plaintiff's Two Claims**

Count One: 42 U.S.C. 1983 – Violation of Constitutional Right to Due Process.

Count Two: A.R.S. 23-1501(A)(3)(a) – Breach of Employment Contract.

## 2. **The Parties, Jurisdiction and Venue**

**1.** At all times material to this Complaint, the Plaintiff, Dr. Quebec Logan ("Dr. Logan") and has been:

(A) an adult resident of Maricopa County, Arizona; and

(B) employed by the Defendant, Tolleson Elementary School District #17 as school psychologist in Tolleson, Maricopa County, Arizona; and

**2.** Defendant Tolleson Elementary School District #17 has been at all times material to this Complaint:

(A) an Arizona School district; and

(B) operating Pre-K through grade 8 public schools serving Tolleson, Arizona.

(C) the "employer" of Dr. Logan.

**3.** Defendant Dr. Guadalupe Hightower "Dr. Hightower" has been at all times material to Superintendent of Tolleson Elementary School District #17. Dr. Hightower is sued in her official and individual capacities. Dr. Hightower is an official policy maker for Tolleson Elementary School District #17 and created a policy to deny Tolleson Elementary School District #17 employees due process by creating an expectation of an appellate process to challenge employee evaluations and then denying the employees such a right. Dr. Hightower acted under color of state law.

2

**4.** Defendant John Doe Hightower is the spouse of Dr. Lupita Hightower and is sued because Defendant Dr. Hightower acted on behalf of the marital estate during her course of conduct with Dr. Logan as alleged in this Complaint.

**5.** All events alleged herein occurred within the State of Arizona.

**6.** This Court has personal jurisdiction over the parties based upon the foregoing facts.

**7.** This Court has subject matter jurisdiction for the federal claim herein because it arises from federal statutes, 28 U.S.C. 1331, and also as provided by 28 U.S.C. 1343(a)(3,4). The Court has supplemental jurisdiction over Dr. Logan's state law claim under 28 U.S.C. 1367(a).

**8.** This Court (Phoenix Division) is the proper venue for this action pursuant to 28 U.S.C. 1391(b) (1, 2).

### Section 2: Fact Allegations

**1.** Dr. Quebec Logan (hereinafter referred to as "Dr. Logan") is and has been at all times material to this Complaint, an adult resident of Maricopa County, Arizona.

**2.** Tolleson Elementary School District #17 (hereinafter referred to as "The District") hired Dr. Logan as a school psychologist in May of 2007. Dr. Lynda Mills was Dr. Logan's supervisor.

**3.** During the Covid pandemic many schools psychologists fell behind on completing their psychological evaluations for students. Dr. Mills imposed strict guidelines for the school psychologist to bring any tardy reports up to date.

**4.** On February 9, 2022, Dr. Mills placed Dr. Logan on a performance

improvement plan concerning reports that Dr. Mills claimed that were not completed and/or tardy.

**5.** On March 22, 2022, Dr. Hightower and Dr. Mills gave Dr. Logan an evaluation wherein Drs. Hightower and Mills gave Dr. Logan the grade of "needs improvement."

**6.** When a school psychologist receives a "needs improvement" the governing board may use the "needs improvement" score as reason to non-renew an employee's contract.

**7.** On March 25, 2022, Dr. Logan emailed Dr. Hightower to inform her that he would like to appeal his evaluation results. Dr. Logan informed her that he received a GBK policy from HR that provides that Dr. Hightower is authorized to establish an appeal process concerning evaluations that serve as criteria for dismissal.

**8.** Dr. Logan had a legitimate expectation that Dr. Hightower provide such an appeal process because of the Governing Board's Policy GCO - Evaluation of Professional Staff Members. The District's HR department informed Dr. Logan of the policy and of Dr. Hightower's authority to provide Dr. Logan with an appeal. Despite Dr. Logan's March 25, 2022, request, Dr. Hightower failed and refused to provide Dr. Logan with an appeal process as stated by the District's own HR Department.

**9.** On March 25, 2022, Dr. Logan informed Dr. Hightower that since she was refusing to implement an appeal procedure as provided by Governing Board Policy that he would file a grievance instead, to request, *inter alia,* that the decision to non-renew his contract be reconsidered.

**10.** In the meantime, on March 28, 2022, Dr. Hightower sent Dr. Logan a letter informing Dr. Logan that she made the decision not to renew Dr. Logan's contract for the 2022-2023 school year. Dr. Hightower stated her reason for doing so was because of Dr. Logan's February 9, 2022, evaluation when Dr. Logan was placed on a performance improvement plan. Dr. Hightower did not address her failure and refusal to implement an appeal process as previously requested by Dr. Logan on March 25, 2022.

**11.** On April 6, 2022, the District's governing board voted to non-renew Dr. Logan's contract.

**12.** On March 28, 2022, as promised, Dr. Logan requested an informal conference with Dr. Mills and HR Cathey Mayes to begin the grievance process.

**13.** On April 6, 162022, Dr. Logan filed a formal grievance to grieve *inter alia,* his non-renewal of contract.

**14.** On April 11, 2022, Dr. Mills denied Dr. Logan's formal grievance.

**15.** On April 20, 2022, Dr. Logan filed a timely request to appeal his evaluation, in an email to Dr. Hightower as a level II grievance.

**16.** On May 4, 2022, Dr. Logan filed a level III grievance with the Governing Board because Dr. Hightower did not respond to his level II grievance.

**17.** On May 11, 2022, Dr. Hightower finally responded to Dr. Logan's level II grievance only to deny it as untimely because Dr. Logan emailed to it to Dr. Hightower's personal email address. The grievance procedure did not address the procedure for delivering a level II grievance which made Dr. Hightower's basis for denying the level capricious and arbitrary.

**18.** The Governing Board never responded to Dr. Logan's level III grievance and Dr. Logan remained on home assignment until the end of the term of his contract.

**19.** The Defendants Tolleson Elementary School District #17 and Dr. Hightower deprived Dr. Logan of a cognizable constitutional property right in his employment when Dr. Hightower refused to provide Dr. Logan with a means of appealing his performance reviews. The Defendants failed to provide Dr. Logan with adequate protection of his property right in his employment when Dr. Hightower failed to establish an appeal procedure and frustrated Dr. Logan's attempt to grieve his non-renewal of his employment contract.

**20.** The Defendants did not make process available to Dr. Logan when Dr. Hightower refused to provide an appeal process and violated the grievance procedure that Dr. Logan attempted to utilize.

**19.** The Defendants denied Dr. Logan notice and opportunity to be heard concerning the non-renewal of his contract by failing to provide Dr. Logan with appeals process as provided in its very own policies and denying his grievance.

**19.** Tolleson Elementary School District #17 breached the implied covenant of good faith and fair dealing in every contract which "requires that neither party do anything that will injure the right of the other to receive the benefits of their agreement" because its termination decision resulted from its conduct which:

(A) violated the requirements of policy GBK under which Dr. Logan requested an appeal process and Dr. Hightower denied.

(B) violated Tolleson grievance policy.

(C) violated the (statutory procedures for non-renewal).

**20.** As a direct and proximate result of the termination Dr. Logan's employment by Defendants, Dr. Logan has suffered damages, including but not limited to lost wages, benefits, and other pecuniary losses. In addition, he has and will continue to suffer emotional distress and mental anguish, sleeplessness,

depression, loss of relationships he had at Tolleson Elementary School District #17 and  a reduced standard of living.

## Section 3: Relief Requested

### Count One:  42 U.S.C. 1983 – Violation of Constitutional Right to Due Process.

1. General and compensatory damages in an amount to be determined by the trier-of-fact.

2. Punitive damages in an amount to be determined by the trier of fact against Dr. Hightower only.

3. Taxable costs and attorney's fees.

### Count Two: Breach of the Contract

1. Contract damages in an amount to be determined by the trier-of-fact.

2. Taxable costs pursuant to A.R.S. 12-341 and 12-332(a), and ARCP Rule 54(f).

3. Reasonable attorneys' fees pursuant to A.R.S. 12-341.01 and ARCP Rule 54(g).

Respectfully submitted this 10th  day of March 2023.

Respectfully submitted,

/s/ Elizabeth D. Tate
Elizabeth D. Tate
Attorney for Plaintiff

7